%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provide by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiati the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Austin T. Scott

## DEFENDANTS

Lance Marshall
Michael Madiera
– Please see continuation sheet

**(b)** County of Residence of First Listed Plaintiff    Monroe
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John P. Karoly, Jr., Esquire, KAROLY LAW OFFICES, P.C.
1555 N. 18th Street, Allentown, PA 18104  610.820.9790

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

| | |
|---|---|
| ❏ 1  U.S. Government | X 3  Federal Question |
|         Plaintiff |         (U.S. Government Not a Party) |
| ❏ 2  U.S. Government | ❏ 4  Diversity |
|         Defendant |         (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaint
(For Diversity Cases Only)                              and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product |        Med. Malpractice | ❏ 625 Drug Related Seizure |        28 USC 157 | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument |        Liability | ❏ 365 Personal Injury  - |        of Propery 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & |        Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
|        & Enforcement of Judgment |        Slander | ❏ 368 Asbestos Personal | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' |        Injury Product | ❏ 650 Airline Regs. | ❏ 830 Patent |        Corrupt Organizations |
| ❏ 152 Recovery of Defaulted |        Liability |        Liability | ❏ 660 Occupational | ❏ 840 Trademark | ❏ 480 Consumer Credit |
|        Student Loans | ❏ 340 Marine | **PERSONAL PROPERTY** |        Safety/Health | | ❏ 490 Cable/Sat TV |
|        (Excl. Veterans) | ❏ 345 Marine Product | ❏ 370 Other Fraud | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 153 Recovery of Overpayment |        Liability | ❏ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
|        of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 380 Other Personal | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) |        Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle |        Property Damage |        Act | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge |
| ❏ 190 Other Contract |        Product Liability | ❏ 385 Property Damage | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) |        12 USC 3410 |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal |        Product Liability | ❏ 730 Labor/Mgmt.Reporting | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise |        Injury | | & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❏ 892 Economic Stabilization A |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893  Environmental Matters |
| ❏ 220 Foreclosure | ❏ 442 Employment |        Sentence | ❏ 791 Empl. Ret. Inc. |        or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ | **Habeas Corpus:** |        Security Act | ❏ 871 IRS—Third Party | ❏ 895 Freedom of Information |
| ❏ 240 Torts to Land |        Accommodations | ❏ 530 General | |        26 USC 7609 |        Act |
| ❏ 245 Tort Product Liability | ❏ 444 Welfare | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 900Appeal of Fee Determinat |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | |        Under Equal Access |
| |        Employment | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - | |        to Justice |
| | ❏ 446 Amer. w/Disabilities - | ❏ 555 Prison Condition |        Alien Detainee | | ❏ 950 Constitutionality of |
| |        Other | | ❏ 465 Other Immigration | |        State Statutes |
| | X 440 Other Civil Rights | |        Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to Distri |
|---|---|---|---|---|---|---|
| X 1  Original | ❏ 2  Removed from | ❏ 3  Remanded from | ❏ 4  Reinstated or | ❏ 5  Transferred from | ❏ 6  Multidistrict | ❏ 7  Judge from |
|         Proceeding |         State Court |         Appellate Court |         Reopened |         another district (specify) |         Litigation |         Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
42 U.S. C. §1983
Brief description of cause:
Governmental misconduct with pendent state claims

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $  > 150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    X Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE
10 - 13 -09

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

Scott v. Marshall, et al.
Attachment to Civil Cover Sheet

Defendants (continued):

Officer Matthew Cover
Officer Ryan Rodgers
Officer Dustin Miller
Detective Stephanie L. Brooks
Detective Christine D. Vile
Assistant Chief Thomas Sowerby
Chief Stephen Shelow
John/Jane Does 1-X
Desiree Minder
Centre County, Pennsylvania
The Pennsylvania State University

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUSTIN T. SCOTT,** | : | **CIVIL ACTION** |
| **335 Minsi Road** | : | |
| **East Stroudsburg, PA 18302,** | : | |
| **Plaintiff,** | : | **No.** |
| | : | |
| **v.** | : | |
| | : | |
| **LANCE MARSHALL,** | : | **JURY TRIAL** |
| **Centre County District Attorney** | : | **DEMANDED** |
| **Courthouse, Room 404** | : | |
| **Bellefonte, PA 16823,** | : | |
| *individually and in his official capacity as an* | : | |
| *Assistant District Attorney of Centre County,* | : | |
| *Pennsylvania,* | : | |
| | : | |
| **MICHAEL MADIERA,** | : | |
| **Centre County District Attorney** | : | |
| **Courthouse, Room 404** | : | |
| **Bellefonte, PA 16823,** | : | |
| *individually and in his official capacity as* | : | |
| *District Attorney of Centre County,* | : | |
| *Pennsylvania,* | : | |
| | : | |
| **OFFICER MATTHEW COVER,** | : | |
| **Penn State University** | : | |
| **20 Eisenhower Parking Deck** | : | |
| **University Park, PA 16802,** | : | |
| *individually and in his official capacity as an* | : | |
| *officer of the Penn State University Police Dept.,* | : | |
| | : | |
| **OFFICER RYAN RODGERS,** | : | |
| **Penn State University** | : | |
| **20 Eisenhower Parking Deck** | : | |
| **University Park, PA 16802,** | : | |
| *individually and in his official capacity as an* | : | |
| *officer of the Penn State University Police Dept.,* | : | |

:
**OFFICER DUSTIN MILLER,**                              :
**Penn State University**                               :
**20 Eisenhower Parking Deck**                          :
**University Park, PA 16802,**                          :
*individually and in his official capacity as an*       :
*officer of the Penn State University Police Dept.,*    :
:
**DETECTIVE STEPHANIE L. BROOKS,**                      :
**Penn State University**                               :
**20 Eisenhower Parking Deck**                          :
**University Park, PA 16802,**                          :
*individually and in her official capacity as an*       :
*officer of the Penn State University Police Dept.,*    :
:
**DETECTIVE CHRISTINE D. VILE,**                        :
**Penn State University**                               :
**20 Eisenhower Parking Deck**                          :
**University Park, PA 16802,**                          :
*individually and in her official capacity as an*       :
*officer of the Penn State University Police Dept.,*    :
:
**ASSISTANT CHIEF THOMAS SOWERBY,**                     :
**Penn State University**                               :
**20 Eisenhower Parking Deck**                          :
**University Park, PA 16802,**                          :
*individually and in his official capacity as an*       :
*Assistant Chief of the Penn State University*          :
*Police Dept.,*                                         :
:
**CHIEF STEPHEN SHELOW,**                               :
**Penn State University**                               :
**20 Eisenhower Parking Deck**                          :
**University Park, PA 16802,**                          :
*individually and in his official capacity as Chief*    :
*of the Penn State University Police Dept.,*            :
:
**JOHN/JANE DOES 1-X,**                                 :

*individually and in their official capacities as* :
*members of the Penn State University Police* :
*Dept., or staff of Center County* :
                                                     :

**DESIREE MINDER,** :
**85 Halsey Lane** :
**Pottsville, PA 17901,** :
    :

**CENTRE COUNTY, PENNSYLVANIA** :
**Willowbank County Building** :
**420 Holmes Street** :
**Bellefonte, PA 16823** :
    :

       *and* :
    :

**THE PENNSYLVANIA STATE UNIVERSITY** :
**201 Old Main** :
**University Park, PA 16802,** :
                           **Defendants.** :

## COMPLAINT

NOW COMES, the Plaintiff, Austin T. Scott, by and through his legal counsel

KAROLY LAW OFFICES, P.C., John P. Karoly, Jr., Esquire, and does allege and

aver as follows:

## I.     JURISDICTION AND VENUE

1.    This action is instituted under the United States Constitution, particularly

under the provisions of the Fourth, and Fourteenth Amendments, and under

federal law, particularly the Civil Rights Act of 1871, hereinafter referred to

as the "Act", <u>as amended</u>, 42 U.S.C. Sections 1983, 1985 and 1988.

2.     This Court has jurisdiction in this matter pursuant to 28 U.S.C. §1331, §1343

       (3), §1343 (4) and §1367, regarding the principles of pendent and supplemental

       jurisdiction over related state law claims.

3.     Venue in the Middle District is properly laid pursuant to 28 U.S.C. §1391, in

       so far as the alleged unlawful conduct complained of in this Complaint, which

       forms the factual and legal basis of the Plaintiffs' claims, arose within the

       geographical limits of this District in general and, within the geographical

       limits of Centre County, Pennsylvania, in particular.

## II.    PARTIES

4.     Plaintiff Austin T. Scott is an adult individual, currently residing at 335 Minsi

       Road, East Stroudsburg, Monroe County, Pennsylvania.

5.     Defendant Lance Marshall (hereinafter referred to as "Marshall") is an adult

       individual who at all times relevant hereto, was serving in his capacity as an

       Assistant District Attorney in Centre County, Pennsylvania, and was entrusted

       with the power to enforce laws of the Commonwealth, and of Centre County.

       Defendant Marshall was entrusted to protect the Constitutional rights of those

       he encountered and at all times relevant hereto was acting under the authority

       and color of law, and acted in concert with one or more of the other individual

       Defendants in the performance or conduct of their actions, or acted

*4*

independently.

6.    Defendant Michael Madiera (hereinafter referred to as "Madiera") is an adult individual who at all times relevant hereto, was  serving in his capacity as District Attorney in Centre County, Pennsylvania, and was entrusted with the power to enforce laws of the Commonwealth, and of Centre County. Defendant Madiera is responsible for the formulation and/or implementation of practices, policies, and procedures,  discipline and assignment of staff, as well as the day to day operation and overseeing and command and control of all  segments of the Centre County District Attorney's Office. Defendant Madiera was  entrusted to protect the Constitutional rights of those he encountered and at all times relevant hereto was acting under the authority and color of law, and acted in concert with one or more of the other individual Defendants in the performance or conduct of their actions, or acted independently.

7.    Defendant Officer Matthew Cover (hereinafter referred to as "Cover") is an adult individual who at all times relevant hereto, was  serving in his capacity as a sworn officer of the Penn State University Police Force, and was entrusted with the power to enforce laws of the Commonwealth, and regulations of the Penn State Campus.    Defendant Cover was entrusted to protect the

5

Constitutional rights of those he encountered and at all times relevant hereto was acting under the authority and color of law, and acted in concert with one or more of the other individual Defendants in the performance or conduct of their actions, or acted independently.

8.     Defendant Officer Ryan Rodgers (hereinafter referred to as "Rodgers") is an adult individual who at all times relevant hereto, was serving in his capacity as a sworn officer of the Penn State University Police Force, and was entrusted with the power to enforce laws of the Commonwealth, and regulations of the Penn State Campus. Defendant Rodgers was entrusted to protect the Constitutional rights of those he encountered and at all times relevant hereto was acting under the authority and color of law, and acted in concert with one or more of the other individual Defendants in the performance or conduct of their actions, or acted independently.

9.     Defendant Officer Dustin Miller (hereinafter referred to as "Miller") is an adult individual who at all times relevant hereto, was serving in his capacity as a sworn officer of the Penn State University Police Force, and was entrusted with the power to enforce laws of the Commonwealth, and regulations of the Penn State Campus. Defendant Miller was entrusted to protect the Constitutional rights of those he encountered and at all times relevant hereto was acting under

the authority and color of law, and acted in concert with one or more of the

other individual Defendants in the performance or conduct of their actions, or

acted independently.

10. Defendant Detective Stephanie L. Brooks (hereinafter referred to as "Brooks")

is an adult individual who at all times relevant hereto, was  serving in his

capacity as a sworn officer of the Penn State University Police Force, and was

entrusted with the power to enforce laws of the Commonwealth, and

regulations of the Penn State Campus.  Defendant Brooks was entrusted to

protect the Constitutional rights of those he encountered and at all times

relevant hereto was acting under the authority and color of law, and acted in

concert with one or more of the other individual Defendants in the performance

or conduct of their actions, or acted independently.

11. Defendant Detective Chirstine D. Vile (hereinafter referred to as "Vile") is an

adult individual who at all times relevant hereto, was  serving in his capacity

as a sworn officer of the Penn State University Police Force, and was entrusted

with the power to enforce laws of the Commonwealth, and regulations of the

Penn State Campus. Defendant Vile was entrusted to protect the Constitutional

rights of those he encountered and at all times relevant hereto was acting under

the authority and color of law, and acted in concert with one or more of the

other individual Defendants in the performance or conduct of their actions, or acted independently.

12. Defendant Assistant Chief Thomas Sowerby is an adult individual, (hereinafter referred to as "Sowerby"), who is a sworn member of the Penn State University Police Department who is responsible for the formulation and/or implementation of practices, policies, and procedures, discipline and assignment of officers, as well as the day to day operation and overseeing and command and control of certain segments of the Police Department, the exact extent of which is unknown to Plaintiff prior to discovery, and who at all times relevant hereto was acting within the scope of his duties and authority, under color or title of state or municipal public law or ordinance and supervised or controlled one or more of the other Defendants herein in their conduct or actions, or acted in concert with them in the performance of their conduct or actions, or acted independently.

13. Defendant Chief Steven Shelow is an adult individual, (hereinafter referred to as "Shelow"), who is a sworn member of the Penn State Univesity Police Department who is responsible for the formulation and/or implementation of practices, policies, and procedures, discipline and assignment of officers, as well as the day to day operation and overseeing and command and control of

*8*

all segments of the Police Department, and who at all times relevant hereto was acting within the scope of his duties and authority, under color or title of state or municipal public law or ordinance and supervised or controlled one or more of the other Defendants herein in their conduct or actions, or acted in concert with them in the performance of their conduct or actions, or acted independently.

14. Defendants John/Jane Does I-X, whose identities and exact number are unknown to Plaintiffs, upon information and belief, are adult individual who at all times relevant hereto, was serving in their capacity either as sworn officers in the Penn State University Police Department, or as staff members of the Centre County District Attorney's Office. Each was entrusted with the power to enforce laws of the Commonwealth, and Centre County and were entrusted to protect the Constitutional rights of those they encounterd and at all times relevant hereto was acting under their authority and color of law, and acted in concert with one or more of the other individual Defendants in the performance or conduct of their actions, or acted independently.

15. Defendant Desiree Minder (hereinafter "Minder") is an adult individual, last believed to be residing at 85 Halsey Lane, Pottsville, Pennsylvania. At all times relevant hereto, Defendant Minder is believed to have been acting in

concert with one or more of the other individual Defendants, and, as such, was acting under color of law.

16.    Defendant Centre County is a municipal corporation and governmental entity within the Commonwealth of Pennsylvania empowered to establish, regulate, and control its District Attorney's office for enforcement of laws and ordinances within its jurisdiction and for purpose of protecting and preserving the persons and property within the geographical and legal jurisdiction of the Defendant County.

17.    Defendant The Pennsylvania State University is a educational institution organized under the laws of the Commonwealth of Pennsylvania, but operating independent of the said Commonwealth.   At all time relevant hereto the Pennsylvania State University operated and controlled the Penn State University Police Department.

## III.    FACTUAL ALLEGATIONS

18.    On the night of October 4, 2007, Defendant Desiree Minder and Plaintiff Austin Scott exchanged text messages resulting in an arrangement to meet at a local bar known as "The Saloon."   The two had been casual friends for a short period of time prior to that night.

19.    They met when Minder texted Scott telling him to "come get me."

20.   The two left The Saloon at about 2:00 a.m. on October 5, 2007 and proceeded directly to Plainitff Scott's apartment.  At the time Plaintiff Scott was a Senior enrolled at Penn State University and was a star running back on the Penn State football team.

21.   As they walked to Scott's apartment numerous individuals called out to him, congratulating him on his performance in the prior weekend's football game against the University of Michigan.

22.   Upon their arrival at Plaintiff's apartment, Defendant Minder immediately went into Scott's bedroom and undressed. Scott went into the bathroom, also undressing.

23.   Defendant Minder initiated  sex with Plaintiff and got on top of him.  The sexual relations between Defendant Minder and Plaintiff Scott were consensual.

24.   During the sexual activities, Plaintiff Scott got out of the bed and retrieved a towel for Defendant Minder. The couple then continued their consensual sexual activity.

25.   Afterward, Plainitff Scott dozed off and was awakened by Defendant Minder starting to leave the room.  Scott asked if she wanted a taxi to take her home. Minder declined Scott's offer, kissed him goodbye, and left.

26. Sometime after leaving Scott's apartment on friendly terms, at 4:17 a.m., Defendant Minder made a call to the Penn State University Police Department and claimed she had been raped by Plaintiff.

27. Within the first two minutes of the conversation with police she stated that she had been previously raped.

28. The facts and circumstances alleged by Defendant Minder were incredibly similar to the first rape charge.   In that case, a Northampton County, Pennsylvania jury acquitted the accused.   In her first case she alleged rape but later admitted that  the sex involved was originally consensual, but later became non-consensual.  Despite a substantial number of similarities between the previous rape accusation and the current accusation, the investigative team continued without hesitation.

29. The next morning, Defendant D.A. Michael Madiera and Defendant A.D.A. Lance Marshall decided to complete a consensual phone intercept. Defendant Marshall and Defendant Officer Stephanie L. Brooks discussed this phone intercept with Defendant Minder and it was agreed to consensualize the phone call.

30. Defendant Officer Ryan Rodgers recorded the intercepted call. The content of the call, along with  the affect and demeanor of both speakers clearly indicate

that no rape had taken place.

31. Additionally, Defendant Minder had suffered no bruising or injuries, nor was any of her clothing damaged.

32. Mirroring her accusations in the previous case she said she was scared and "just went along with it," and then claimed to have no memory of the act.

33. In numerous interviews , Defendant Minder admitted to one or more of the other Defendants  that she never said "Stop", "Don't", "No", nor ever struggled, called for help, tried to get away or screamed.

34. Phone calls and text messages immediately after the event showed that no forcible sex had occurred.

35. On October 12, 2007, Plaintiff Austin Scott was arrested and charged with numerous offenses including Rape, Sexual Assault, Indecent Assault, and Simple Assault.

36. The affidavit for the arrest warrant of Plaintiff Austin Scott materially omitted various facts, most notably, the prior false allegations by Defendant Minder, which would have mitigated against the issuance of the arrest warrant.

37. Plaintiff was immediately removed from the Penn State Football team.

38. Prior to Plaintiff's preliminary hearing, and during the discovery phase of Plaintiff's criminal proceeding, the Defendants, or one or more of them,

intentionally withheld material evidence, including the prior rape accusation made by Defendant Minder, which would have been highly exculpatory to Plaintiff, and highly significant to his defense.

39.    Plaintiff finally learned of the prior accusation through a newspaper article.

40.    Upon receiving such information Plaintiff successfully petitioned for its use in his trial, and the Pennsylvania Superior Court ultimately upheld his ability to use the information.

41.    Upon the Court's ruling, the Commonwealth withdrew all charges against Plaintiff.

42.    Subsequently, Defendant Marshall was removed from his position as Assistant District Attorney for making inappropriate sexual advances toward women reporting sex crimes to his office.

43.    Upon information and belief, Defendant Marshall was motivated to pursue the unfounded charges against Plaintiff in order to curry favor with Defendant Minder.

44.    Upon information and belief, the District Attorney's Office, had knowledge of Defendant Marshall's proclivities prior to the unlawful arrest and prosecution of Plaintiff Austin Scott.

45.    Prior to the false allegations and false arrest warrant, Plaintiff had enjoyed a

highly successful career as both a high school and college athlete. He was slated to be a third or fourth round draft pick for the National Football League.

46. The warrant under which Austin Scott was arrested was not based upon probable cause because material facts were omitted from the application for said warrant.

47. At all times during the events described above, the Defendant police officers were engaged in a joint venture. The individual Defendants assisted each other in the performing of the various actions described, and lent their physical presence, support, and the authority of their office to each other during the said events.

48. As a direct and proximate result of the said acts or omissions of the Defendants the Plaintiff suffered, <u>inter</u> <u>alia</u>, the following injuries and damages:

    a) mental pain and suffering, in both the past and the predictable future, including damages for physical pain, discomfort, ill health, and emotional injuries including stigma, humiliation, fright and emotional trauma;

    b) compensatory damages for loss of liberty during the wrongful seizure and confinement;

    c) medical expenses, past and future;

d)      loss of life's pleasures;

e)      impairment of personal and professional reputation, and earning capacity, and shortening of economic horizons;

f)      attorney's fees and costs related to the underlying criminal prosecution and efforts to clear himself;

g)      general damages for violation of Plaintiff's constitutional rights under the Fourth, and Fourteenth Amendments to the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution; and

h)      punitive damages (except as to the governmental Defendants and the individual Defendants in their official capacity), which are justified factually and legally because Defendants acted maliciously and/or wantonly in violating the Plaintiff's constitutionally (federal and state) protected rights, and intentionally, recklessly and wilfully while engaging in reprehensible and outrageous conduct not to be tolerated in a civilized society.

49.  The actions of the Defendant officers violated the clearly established and well-settled federal Constitutional rights of the Plaintiff as more clearly set forth in the Counts below.

50.   Plaintiff believes, and thus avers, that without the intervention of this Honorable Court, he, and others, may suffer damages from similar Constitutional violations in the future.

51.   The Defendants, and each of them, at all times pertinent to the claims asserted herein, acted under color of state law.

52.   While acting under color of state law, the Defendants deprived the Plaintiff of various federal Constitutional rights.

### COUNT I
### 42 U.S.C. §1983
### Unlawful Seizure (Arrest)
### *Against Individual Defendants*

53.   The preceding paragraphs are incorporated herein by reference as though fully set forth.

54.   The conduct of the Defendants constituted a seizure as to Plaintiff, within the meaning of the Fourth Amendment.

55.   Said seizure was unreasonable and without probable cause in that the facts and circumstances available to the Defendants would not warrant a prudent officer in believing that the Plaintiff had committed or was committing a crime which would justify his arrest.

56.   The Plaintiff was held in handcuffs and in custody even though it was clear to one or more of the Defendants that there was no basis for his arrest.

*17*

57.   The Plaintiff was subject to unlawful seizure and arrest in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

58.   As a result of the unlawful arrests effected upon the Plaintiff, the Plaintiff suffered damages as aforesaid.

**COUNT II**
**42 U.S.C. §1983**
**Malicious Prosecution**
***Against Individual Defendants***

59.   The preceding paragraphs are incorporated herein by reference as though fully set forth.

60.   The Defendants violated the Plaintiff's Fourth Amendment rights by wrongfully initiating the prosecution of Plaintiff as described herein above.

61.   The aforesaid criminal prosecution was designed, procured, facilitated, and promoted by the other non-affirming Defendants acting in concert to initiate the prosecution of Plaintiff in violation of the Plaintiff's federally protected rights under the Fourth Amendment.

62.   The Defendants lacked probable cause to initiate the said criminal proceedings against the Plaintiff.

63.   The criminal proceeding was ultimately withdrawn by the Commonwealth.

64.   The Defendants, or one or more of them, acted maliciously, as stated, or for a purpose other than bringing the Plaintiff to justice.

65.   As a consequence of the criminal proceedings, Plaintiff suffered a significant deprivation of his liberty, and property right in his reputation and claims damages for the injuries set forth hereinbefore as they pertain to this Count.

## COUNT III
## 42 U.S.C. §1983
## False Imprisonment
### *Against Individual Defendants*

66.   The preceding paragraphs are incorporated herein by reference as though fully set forth.

67.   The Defendants either individually or acting in concert subjected the Plaintiff to false imprisonment in violation of his constitutionally protected Fourth Amendment rights.

68.   The Defendants deliberately arrested and thereafter deliberately further detained the Plaintiff in custody.

69.   Said detention was unlawful because it lacked probable cause.

70.   The facts and circumstances, which were within the knowledge of the Defendants at the time of Plaintiff's arrest, were not sufficient to warrant a man of reasonable caution in the belief that Plaintiff had committed or was committing a crime for which an arrest was authorized under the law.

71.   As a result of his being subjected to False Imprisonment, in violation of his constitutionally protected rights under the Fourth Amendment, Plaintiff

suffered the damages alleged hereinbefore.

## COUNT IV
## 42 U.S.C. §1983
## Supervisory Liability
### *Against Individual Defendants*

72.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

73.    One or more of the Defendants acted in a supervisory capacity under circumstances, and at a time, when one or more of the subordinate Defendants violated the Plaintiff's rights as set forth hereinbefore.

74.    The exact relationship and responsibilities between the Defendants inter se, cannot be ascertained pre-discovery except to allege with certainty that the Defendant police chief and District Attorney acted in a supervisory capacity with regard to the remaining Defendants, based upon their obvious rank.

75.    In that regard, the Supervisory Defendants, now known and unknown, either directed the conduct which resulted in the violation of the Plaintiff's federal rights as alleged; or, had actual knowledge of the subordinates violation of Plaintiff's federal rights as alleged; or, had actual knowledge of the subordinates violation of Plaintiff's rights and acquiesced in said violations; or, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the violation or,

had a policy of maintaining no policy, where one or more policies or regulations were clearly needed.

76.  As a result of the deficient supervision of the Defendants, Plaintiff suffered the damages alleged hereinbefore.

## COUNT V
### 42 U.S.C. §1983
### Failure to Intervene
### Non-Supervisory
### *Against Individual Defendants*

77.  The preceding paragraphs are incorporated herein by reference as though fully set forth.

78.  Each Defendant is liable for failing to intervene to prevent the Constitutional violations of Plaintiff's federally protected rights, as claimed herein, by the other Defendants, or by other offenders presently unknown to Plaintiff.

79.  Plaintiff's Constitutional rights were violated as alleged herein.

80.  Under circumstances where a named Defendant was not the violator of a given right as alleged, he had the duty to intervene, including the duty to intervene to prevent an unlawful arrest, false imprisonment, and malicious prosecution.

81.  Each of the Defendants had a reasonable opportunity to intervene.

82.  Each of the Defendants failed to intervene.

83.  Each non-intervening Defendant is liable for the harm, and hence damages,

suffered by the Plaintiff, as aforesaid.

## COUNT VI
## 42 U.S.C. §1983
## Civil Conspiracy
### *Against All Individual Defendants*

84.   The preceding paragraphs are incorporated herein by reference as though fully
      set forth.

85.   The Defendants, or one or more of them,  participated in a conspiracy to
      engage in the unlawful arrest and attack upon  Plaintiff.

86.   This conspiracy, as it applied to the Plaintiff herein, was an express or implied
      agreement between the Defendants and others to deprive the Plaintiff of his
      constitutional rights, <u>inter alia</u>, to be free from unlawful seizure, and arrest, to
      be at liberty without unlawful confinement, and to freely associate and to
      pursue life, liberty and happiness.

87.   The aforesaid civil conspiracy at times included officials and employees of
      two separate municipal governments  who either facilitated, participated in, or
      acquiesced in Defendants' misconduct.

88.   The Defendants were voluntary participants in the common venture,
      understood the general objectives of the plan, knew it involved the likelihood
      of the deprivation of constitutional rights, accepted those general objectives,
      and then agreed, either explicitly or implicitly, to do their part to further those

objectives.

89.   The Defendants then did each  act, or where there was a duty to act, refrained from acting, in a manner intended to facilitate the deprivation of the Plaintiff's Constitutional rights as alleged.

90.   An actual deprivation of those rights did occur to the Plaintiff resulting from the said agreement or common design, and as a foreseeable consequence thereof.

91.   The Defendants, and each of them, are jointly and severally responsible for the injuries caused by their fellow co-conspirators even if, or when, their own personal acts or omissions did not proximately contribute to the injuries or other harms which resulted.

92.   As a result of the Civil Conspiracy entered into and acted upon by the Defendants, and other co-conspirators, Plaintiff suffered a depravation of his constitutional rights, and suffered damages as aforesaid.

<u>**COUNT V**</u>
**42 U.S.C. §1983**
**Governmental Liability**
***Against Centre County and Penn State University***

93.   The preceding paragraphs are incorporated herein by reference as though fully set forth.

94.   Prior to October 12, 2007, the two governmental Defendants developed and

maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in Centre County and Penn State University, which caused the violation of Plaintiff's constitutional rights.

95.   Plaintiff believes, and therefore avers, that it was the policy and/or custom of the two governmental Defendants to inadequately and improperly investigate citizen complaints of misconduct, and acts of misconduct were instead tolerated by them.

96.   Plaintiff believes, and therefore avers, that it was also the policy and/or custom of the two governmental Defendants to inadequately screen during the hiring process and to inadequately train and supervise their respective staff, including Defendant police officers and prosecutors, thereby failing to adequately discourage further Constitutional violations on the part of their staff in general and the Defendants in particular.

97.   The two governmental Defendants did not require or demand appropriate in-service training or re-training of staff who were known to have engaged in misconduct or who were known to encourage or tolerate same.

98.   The two governmental Defendants also did not adopt needed policies, which should have been intended and calculated to avoid the Constitutional violations referred to herein.

99.   As a result of the above described policies and customs and failure to adopt necessary and appropriate policies, staff of the two governmental Defendants, including the individual Defendants herein, believed that their actions would not be properly monitored by supervisory officials and that misconduct would not be investigated or sanctioned, but would be tolerated.

100.   The above described policies and customs, and the failure to adopt necessary and appropriate policies, demonstrated a deliberate indifference on the part of the policymakers of the two governmental Defendants, which group of policymakers includes, but is not limited to, Defendant Chief Sowerby and Defendant District Attorney Madiera, and were the cause of the violation of the Plaintiff's rights as alleged herein, and the claimed damages which resulted therefrom.

## COUNT VI
### State Constitutional Violations
### *Against Individual Defendants*

101.   The preceding paragraphs are incorporated herein by reference as though fully set forth.

102.   The conduct of the Defendants, as alleged herein, was violative of the Plaintiff's rights under Article I, Section Eight of the Constitution of the Commonwealth of Pennsylvania to be free from unreasonable seizures, not

predicated upon probable cause.

103. As a result of the Defendants' conduct, which was violative of the guarantees afforded Plaintiff under the Pennsylvania Constitution, Plaintiff suffered the damages aforesaid.

## COUNT VII
### False Arrest and Illegal Imprisonment
### *Against Individual Defendants*

104. The preceding paragraphs are incorporated herein by reference as though fully set forth.

105. Defendants illegally arrested and illegally imprisoned Plaintiff.

106. As a result of their false arrest and illegal imprisonment, Plaintiff suffered the damages aforesaid.

## COUNT VIII
### Malicious Prosecution
### *Against Individual Defendants*

107. The preceding paragraphs are incorporated herein by reference as though fully set forth.

108. Defendants initiated, encouraged, planned or facilitated, the bringing of criminal proceedings against Plaintiff and did so maliciously and without probable cause, and ultimately withdrawing the bogus charges against Plaintiff.

109. As a result of said malicious prosecution, Plaintiff suffered damages as

aforesaid.

## COUNT IX
## Civil Conspiracy
### *Against Individual Defendants*

110.   The preceding paragraphs are incorporated herein by reference as though fully set forth.

111.   The Defendants conspired to engage in the tortuous state claims alleged hereinbefore in Counts VI through VIII, whereby each Defendant acted in concert, pursuant to an agreement, to cause the stated harms or in some way facilitated the conspiratorial objective of inflicting the resulting harms upon the Plaintiff by their own acts or omissions or by those of fellow co-conspirators.

112.   As a result of the aforesaid conspiracy engaged in by Defendants, Plaintiff suffered the damages aforesaid.

113.   Plaintiff respectfully requests a jury of 12 jurors to deliberate upon the within causes of action.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court for each Count alleged:

a.   Award compensatory damages to Plaintiff against the Defendants, jointly and severally, in an amount in excess of $150,000.00 exclusive of interest and costs;

b.    Award punitive damages to Plaintiff against the individual Defendants in their individual capacities, jointly and severally, in an amount in excess of $150,000.00 exclusive of interest and costs;

c.    Award reasonable attorney's fees and costs to the Plaintiff on Counts I through V of the Complaint;

d.    Enter an Order enjoining Defendants from engaging in the future in the conduct  identified in the Complaint as violative of 42 U.S.C. §1983; and further affirmatively requiring the Defendants Centre County and Penn State University to engage in appropriate remedial efforts to adopt, and enforce, policies for their respective staff which are calculated and intended to preclude the conduct alleged to have been engaged in by the named Defendants named herein.

e.    Award such other and further relief as this Court may deem appropriate.

Respectfully submitted,
**KAROLY LAW OFFICES, P.C.**

Date: October 13, 2009        By:    /s/ John P. Karoly, Jr.
John P. Karoly, Jr., Esquire
I.D. No. 22224
1555 North 18th Street
Allentown, PA 18104
610-820-9790
610-820-9909 (facsimile)