**Lenahan & Dempsey, P.C.**
By: David E. Heisler, Esquire
I.D. No. 25733
Suite 400 Kane Building
116 North Washington Avenue
P.O. Box 234
Scranton, Pennsylvania 18501-0234
Telephone: (570) 346-2097
Fax: (570) 346-1174
deh@Lenahandempsey.com

Attorneys for Defendant, District Atty. Madeira

_____

| | | |
|---|---|---|
| AUSTIN T. SCOTT | : | |
|    Plaintiff | : | IN THE UNITED STATES DISTRICT |
| | : | COURT FOR THE MIDDLE DISTRICT |
|    v. | : | OF PENNSYLVANIA |
| | : | |
| LANCE MARSHALL, Centre County | : | Docket No.: 4:09-CV-1989 |
| District Attorney; MICHAEL MADEIRA, | : | |
| Centre County District Attorney; OFFICER | : | Judge James F. McClure, Jr. |
| MATTHEW COVER, Penn State | : | |
| University; OFFICER RYAN RODGERS, | : | |
| Penn State University; OFFICER DUSTIN | : | |
| MILLER, Penn State University; | : | |
| DETECTIVE STEPHANIE L. BROOKS, | : | |
| Penn State University; DETECTIVE | : | |
| CHRISTINE D. VILE, Penn State | : | |
| University; ASSISTANT CHIEF THOMAS | : | |
| SOWERBY, Penn State University; CHIEF | : | |
| STEPHEN SHELOW, Penn State | : | |
| University; JOHN/JANE DOES 1-X | : | |
|    Defendants | | |

## BRIEF OF DEFENDANT DISTRICT ATTORNEY MICHAEL MADEIRA'S IN SUPPORT OF MOTION TO DISMISS

**I.   BACKGROUND OF CASE**

On the night of October 4, 2007 the Plaintiff had sexual relations with Defendant Minder. Subsequently, Defendant Minder reported to the police that she had been

raped. The various defendants were involved in the arrest and prosecution of the Plaintiff for rape and associated offenses. Prior to trial, the charges were dropped.

At all relevant times, Defendant Michael Madeira was the District Attorney for Centre County. The Plaintiff alleges that defendant Madeira authorized a consensual phone intercept. The Plaintiff further alleges that Defendant Marshall, the Assistant District Attorney prosecuting the case, was motivated to pursue the alleged unfounded charges against the Plaintiff in order to curry favor with Defendant Minder. Plaintiff further alleges that the District Attorney's office had knowledge of Defendant Marshall's alleged proclivities prior to the arrest of the Plaintiff. No other allegations are made against Defendant Madeira.

The Plaintiff has alleged various federal claims under 42 U.S.C. §1983 as well as related state claims against Defendant Madeira. All of the alleged actions of Defendant Madeira were taken in furtherance of his prosecutorial duties as an advocate for the state and as part of an advocate's preparation of a prosecution. There is absolute prosecutorial immunity for Defendant Madeira under state and federal law. Defendant Madeira has filed a Motion to Dismiss all claims on the basis of absolute immunity.

**II.    ISSUE**

Whether the Plaintiff has failed to state any cause of action against Defendant District Attorney Michael Madeira upon which relief may be granted in light of his

absolute immunity?

## III. ARGUMENT

### A. Count I

In Count I, the Plaintiff alleges a §1983 claim against all individual defendants based upon unlawful arrest. The Plaintiff alleges that he was arrested without probable cause. The Plaintiff does not allege that Defendant Madeira physically arrested him. Consequently, there is no claim based upon actual physical arrest.

In so far as the Plaintiff is alleging that Defendant Madeira initiated a prosecution without probable cause, Defendant Madeira has absolute immunity.

> It is a well-established principle of law that certain government officials, including prosecutors, are entitled to varying levels of immunity. See, Butz v. Economou, 438 U.S. 478, 507, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) (recognizing qualified immunity as a general rule). The law affords prosecutors absolute immunity only when engaged in conduct which is considered essential to their quasi-judicial role, such as presentation of evidence or legal arguments in court. Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). It is clear that "[t]he decision to initiate a prosecution is at the core of the prosecutor's judicial role." Kulwicki v. Dawson, 969 F.2d 1454, 1463-64 (3d Cir.1992). Consequently, a prosecutor enjoys absolute immunity with respect to such decisions even where "he acts without a good faith belief that any wrongdoing has occurred." Id. Moreover, alleged deficiencies in a prosecutor's decision making process are also within the ambit of absolute prosecutorial immunity. See, Id. at 1461; See also, Rose v. Bartle, 871 F.2d 331,

>  345 (3d Cir.1989) (immunity attached despite prosecutor's failure to investigate prior to initiation of grand jury proceedings and lack of good faith belief that unlawful conduct occurred).

Thomas v. Barker, 371 F. Supp. 2d 636, 639 (M.D. Pa. 2005). Consequently, Defendant Madeira is entitled to absolute immunity on this claim.

### B. COUNT II

In Count II, the Plaintiff alleges that all of the individual defendants worked together to initiate the prosecution of the Plaintiff.  Once again, any part that Defendant District Attorney Madeira played in the initiation of the prosecution of the Plaintiff would have been taken in the furtherance of his prosecutorial duties as an advocate for the state and as part of an advocate's preparation of a prosecution.  Consequently, for the reasons stated hereinabove, Defendant Madeira has absolute immunity on this claim.

### C. COUNT III

In Count III, the Plaintiff alleges a §1983 claim against all of the individual defendants for false imprisonment.  For the reasons set forth hereinabove pertaining to Count I, Defendant District Attorney Madeira has absolute immunity on this claim.

### D. COUNT IV

In Count IV, the Plaintiff makes a general §1983 claim against all of the individual defendants alleging that one or more of them supervised others in the violation of the Plaintiff's rights as set forth in Counts I through III.  Again, any action taken by

Defendant District Attorney Madeira would have been in his capacity of District Attorney for Centre County, and any such actions would have been taken in furtherance of his prosecutorial duties as an advocate for the state and as part of an advocate's preparation of a prosecution. For the reasons set forth hereinabove regarding Counts I through III, Defendant Madeira has absolute immunity on this claim.

### E.  COUNT V

In Count V, the Plaintiff makes a general §1983 claim that one or more of the individual defendants violated his civil rights as set forth in Counts I through III by failing to intervene or supervise others, who were violating his civil rights.  For the reasons set forth hereinabove to Count IV,  Defendant  District Attorney Madeira has absolute immunity on this claim.

### F.  COUNT VI

In Count VI, the Plaintiff generally sets forth a §1983 claim against the individual defendants alleging that they conspired with one another to violate his civil rights as set forth in Counts I through III.   For the reasons set forth hereinabove to Counts IV and V,  Defendant  District Attorney Madeira has absolute immunity on this claim.

### G.  COUNT V (sic)

This count is not directed against Defendant Madeira.

### H.  COUNT VI (sic)

In this count, the Plaintiff sets forth a state claim under the state constitution alleging that the individual defendants violated his right to be free from unreasonable seizures not predicated upon probable cause. Any action taken by Defendant District Attorney Michael Madeira in this regard would have been taken in the course of performing his official duties as District Attorney for Centre County. State law provides for absolute immunity for district attorneys for statements made or actions taken in the course of performing official duties or exercising official powers. McCormick v. Specter, 220 Pa. Super. 19, 275 A.2d 688 (1971), cited with approval in Durham v. McElynn, 565 Pa. 163, 166, 772 A.2d 68, 69 (2001). Consequently, Defendant Madeira has absolute immunity on this claim.

### I.     COUNT VII (sic)

In this count, Plaintiff sets forth a state claim for false arrest and illegal imprisonment asserting that the individual defendants illegally arrested and imprisoned him. There is no allegation that Defendant Madeira physically arrested or imprisoned the Plaintiff. Any actions that Defendant Madeira may have taken in regard to the Plaintiff were taken in the scope of performing his official duties as District Attorney. For the reasons set forth hereinabove regarding Count VII (sic), Defendant District Attorney Madeira has absolute immunity on this claim.

### J.     COUNT VIII (sic)

In this count, the Plaintiff sets forth a state claim for malicious prosecution. Once

again, any actions taken by Defendant District Attorney Madeira would have been taken within the scope of performing his official duties as District Attorney. Consequently, he has absolute immunity.

### K.     COUNT IX (sic)

In this count, the Plaintiff sets forth a state claim against all the individual defendants alleging that they conspired to engage in the tortious state claims conduct alleged in Counts VI (sic) through VIII(sic).  For the reasons set forth hereinabove to those counts,  Defendant  District Attorney Madeira has absolute immunity on this claim.

## IV.   CONCLUSION

Defendant District Attorney Madeira has absolute immunity on all of the federal and state claims set forth by the Plaintiff.  Consequently, all claims against him should be dismissed and his name stricken from the caption of this case.

                                    Respectfully submitted,

                                    LENAHAN & DEMPSEY, P.C.

                                    By: /s/David E. Heisler

Dated: December 3, 2009

## CERTIFICATE OF SERVICE

David E. Heisler, hereby certifies and says that this 3rd day of November 2009, he served a true and correct copy of the BRIEF OF DEFENDANT DISTRICT ATTORNEY MICHAEL MADEIRA IN SUPPORT OF MOTION TO DISMISS via electronic filing and First Class United States Mail, from Scranton, Pennsylvania, upon the parties as follows:

**John P. Karoly, Jr., Esquire**
**Karoly Law Offices, P.C.**
**1555 N. 18th Street**
**Allentown, PA  18104**
**john.karoly@karolylawoffices.com**

**Joseph P. Green, Esquire**
**115 East High Street**
**P.O. Box 179**
**Bellefonte, PA  16823**
**clenhart@lmgrlaw.com**

**Gary L. Weber, Esquire**
**Mitchell Mitchell Gallagher Weber**
**Southard & Wishard, P.C.**
**10 West Third Street**
**Williamsport, PA  17701**
**glw@mitchellgallagher.com**

**James M. Horne, Esquire**
**811 University Drive**
**State College, PA 16801**
**E-mail: jmhorne@mqblaw.com**

BY:/s/ David E. Heisler, Esquire