IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUSTIN T. SCOTT, : | |
| : | Case No. 4:09-CV-1989 |
| Plaintiff, : | |
| : | |
| v. : | (Judge McClure) |
| : | |
| MARSHALL, et. al., : | |
| : | |
| Defendants. : | |

**M E M O R A N D U M**

March 3, 2010

**BACKGROUND:**

On October 13, 2009, plaintiff, Austin T. Scott (hereinafter "Scott"), commenced a civil action by filing a complaint against defendants Lance Marshall (hereinafter "Marshall"), Michael Madiera (hereinafter "Madiera"), Matthew Cover, Ryan Rodgers, Dustin Miller, Stephanie L. Brooks, Christine D. Vile, Thomas Sowerby, Stephen Shelow, John/Jane Does 1-10, Desiree Minder (hereinafter "Minder"), Centre County, Pennsylvania (hereinafter "Centre County"), and The Pennsylvania State University (hereinafter "Penn State"). In his complaint, Scott alleges the following violations of federal law: Unlawful Seizure (Arrest) (Count I); Malicious Prosecution (Count II); False Imprisonment (Count III); Supervisory Liability (Count IV); Failure to Intervene Non-Supervisory

1

(Count V); Civil Conspiracy (Count VI); Governmental Liability (Count VII[1]); and the following violations of state law: Violation of Article I, § VIII of the Pennsylvania Constitution (Count VIII[2]); False Arrest and Illegal Imprisonment (Count IX[3]); Malicious Prosecution (Count X[4]); and Civil Conspiracy (Count XI[5]).

On December 3, 2009, Madiera filed a motion to dismiss. (Rec. Doc. No. 15). On December 9, 2009, Centre County filed a motion to dismiss. (Rec. Doc. No. 17). On December 11, 2009, Marshall filed a motion to dismiss. (Rec. Doc. No. 18). All motions have been fully briefed[6], and thus the matters are ripe for disposition.

Now, therefore, for the following reasons we will grant Madiera's motion to

---

[1] Plaintiff lists this as Count V. This is actually Count VII. All parties are directed to strike the number V from the pleadings and refer to this as count VII.

[2] Plaintiff lists this as Count VI. This is actually Count VIII. All parties are directed to strike the number VI from the pleadings and refer to this as Count VIII.

[3] Plaintiff lists this as Count VII. This is actually Count IX. All parties are directed to strike the number VII from the pleadings and refer to this as Count IX.

[4] Plaintiff lists this as Count VIII. This is actually Count X. All parties are directed to strike the number VIII from the pleadings and refer to this as Count X.

[5] Plaintiff lists this as Count IX. This is actually Count XI. All parties are directed to strike the number IX from the pleadings and refer to this as Count XI.

[6] All parties are reminded to comply with Middle District Local Rule 5.1(c) in future filings. The Centre County's filings contain typeface that overlaps and Scott's filings are in the incorrect size font.

dismiss, Marshall's motion to dismiss and Centre County's motion to dismiss.

**DISCUSSION:**

### I. Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). "The tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, __ U.S. __ , 2009 U.S. Lexis 3472, *29 (internal citations omitted). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d at 183. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, __ U.S. at *29. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the complaint, plaintiff has not pled enough facts to state a claim to

3

relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). "Determining wether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, __ U.S. at *30. In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Hellmann v. Kercher, 2008 U.S. Dist. LEXIS 54882, 4 (W.D. Pa. 2008). Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests,'" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964, (2007) (citing Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Hellmann, 2008 U.S. Dist. LEXIS at 4-5. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled

4

to relief." Iqbal, __ U.S. at *29, citing Fed. R. Civ. P. 8(a). The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327

## II. Allegations in the Complaint

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Accepting as true all of the allegations in the complaint, the facts (as they pertain to Madeira, Marshall and Centre County) are as follows.

In October 2007, Scott was a senior at Penn State and a "star" running back on the Penn State football team. Scott was slated to be a third or fourth round draft pick for the NFL in the draft scheduled for April 28 and 29, 2008.

5

Scott had been casual friends with Desiree Minder for a short time. The two arranged to meet at a local bar on October 4, 2007. The two met at the bar that night, and left the bar around 2:00 a.m. on October 5, 2007. Scott and Minder went to Scott's apartment. When they arrived at Scott's apartment, Minder went to Scott's bedroom and undressed. Minder initiated sex with Scott. According to the complaint, the sex was, at all times, consensual. Later that night, Minder left Scott's apartment.

At 4:17 a.m. Minder called the Penn State Police Department and alleged that she was raped by Scott. She indicated to the police at that time that she had been raped previously.

The next morning District Attorney Madiera and Assistant District Attorney Marshall decided to complete a phone intercept, to which Minder agreed. According to the complaint, there was no evidence that a rape took place. The intercepted phone call clearly indicated that Scott did not rape Minder, Minder had no bruising or injuries, Minder's clothes were intact, Minder never said "stop," "don't," "no," nor did she struggle, call for help, try to escape or scream. Additionally, phone calls and text messages that took place after the sexual contact indicate that it was not a rape.

On October 12, 2007, Scott was arrested and charged with Rape, Sexual

Assault, Indecent Assault and Simple Assault. Scott was removed from the Penn State football team.

The facts alleged in Minder's prior rape case against a different individual were similar to the facts she was alleging against Scott, namely that the sex began consensually then became non-consensual. The jury acquitted the defendant in Minder's first case.

The arrest warrant omitted the prior allegations by Minder. According to the complaint, the defendants withheld exculpatory evidence from Scott, including the prior rape accusation. Scott learned of the prior accusation through a newspaper article. Scott petitioned for its use at trial. Upon the Court's ruling allowing the evidence to be admitted at trial, the Commonwealth withdrew all charges against Scott on April 18, 2008.

Subsequently, Marshall was removed from his position as Assistant District Attorney for making inappropriate sexual advances toward women reporting sex crimes to his office. The complaint alleges that Marshall was motivated to pursue the charges to curry favor with Minder. Moreover, the complaint alleges that the District Attorney's office was aware of Marshall's proclivities prior to the time period relevant in the complaint.

### III. Analysis

### 1. Madiera's and Marshall's Motions to Dismiss

In <u>Imbler v. Pachtman</u>, the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." 424 U.S. 409, 429; 96 S. Ct. 984; 47 L.Ed. 2d 128 (1976). The Supreme Court found that prosecutors were entitled to absolute immunity, as opposed to qualified immunity. Absolute immunity is necessary so prosecutors are not constrained in deciding which suits to bring and in conducting them in court; because suits could be expected with some frequency by defendants resentful of being prosecuted; and because prosecutors would have more difficulty than other officials in meeting the standards for qualified immunity. <u>See</u> <u>id.</u> At 424-424. Criminal defendants are not prejudiced by this decision, as there are various post-trial procedures available to determine whether the accused has received a fair trial. <u>See</u> <u>id.</u> at 427.

As an initial matter, it is important to determine the precise claim plaintiff is making against the district attorneys. <u>See</u> <u>Burns v. Reed</u>, 500 U.S. 478, 487; 111 S. Ct. 1934; 114 L. Ed. 2d 547 (1991). We must determine if the prosecutor is acting in his "role as an advocate for the state" or in his role as an "administrator or investigative officer." <u>Id.</u> at 489. "Absolute immunity is designed to free the

*judicial process* from the harassment and intimidation associated with litigation." Id. at 493 (emphasis in original) (internal citation omitted). "That concern therefore justified absolute prosecutorial immunity only for actions that are connected with the prosecutor's role in judicial proceedings, not for every litigation-inducing conduct." Id. "Almost any action by a prosecutor, including his or her direct participation in purely investigative activity, could be said to be in some way related to the ultimate decision whether to prosecute, but we have never indicated that absolute immunity is that expansive." Id. at 495. "Rather, as in Imbler, we inquire whether the prosecutor's actions are closely associated with the judicial process." Id. Although there are several checks on the prosecutor, the judicial process would not necessarily restrain out-of-court activities by a prosecutor that occur prior to the initiation of a prosecution. This is especially true if the suspect is not eventually prosecuted . See id. at 496. The official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question. Butz v. Economou, 438 U.S. 478, 506; 57 L. Ed. 2d 895; 98 S. Ct. 2894 (1978).

As an initial matter, it is important to determine the precise claim plaintiff is making against Madiera. See Burns, 500 U.S. at 487. Scott asserts that there was no evidence to support the charges against him, that the two DA's intentionally

9

withheld material and exculpatory evidence prior to the preliminary hearing and in discovery, and that the DA's office was aware of Marshall's allegedly inappropriate relationships with victims prior to the arrest of Austin Scott. The claims against Marshall are that there was no evidence to support the charges against him, that Marshall intentionally withheld material and exculpatory evidence prior to the preliminary hearing and in discovery, and that Marshall pursued the charges against Scott in order to gain favor with Minder. Because the claims against the two are so similar, we will discuss them together.

A prosecutor is entitled to absolute immunity for his decision to initiate a prosecution. See Imbler supra. Therefore, Madiera and Marshall are absolutely immune from Scott's claims based on the prosecutor's decision to prosecute, namely that there was no evidence to support the charges against him, and that Marshall's decision to prosecute was to gain favor with Minder, and that Madiera had prior knowledge of Marhsall's proclivities. These allegations relate to Madiera and Marshall's decision to prosecute, so both are entitled to absolute immunity.

"It is well settled that prosecutors are entitled to absolute immunity from claims based on their failure to disclose exculpatory evidence, so long as they did so while functioning in their prosecutorial capacity." Yarris v. County of Delaware, 465 F.3d 129, 137 (3d Cir. 2006). "As the Supreme Court explained in

Imbler, the "deliberate withholding of exculpatory information: is included within the "legitimate exercise of prosecutorial discretion."" Id. (internal citations omitted). Therefore, Marshall and Madiera are "absolutely immune from claims based on allegations that they intentionally concealed exculpatory evidence prior to trial." Id.

As a result, the Motions to Dismiss of Madiera and Marshall will be granted.

### 2. Centre County's Motion to Dismiss

Monell v. Dep't of Soc. Servs., held that a municipality could be sued if an official government policy or custom caused a constitutional violation. 436 U.S. 658 (1978). Count VII, Governmental Liability, is the only count in the complaint against Centre County. Plaintiff assets that Centre County maintained policies or customs of deliberate indifference to constitutional rights (paragraph 94); of inadequate or improper investigation of citizen complaints (paragraph 95); and of inadequate screening, training and supervision (paragraph 96).

As an initial matter, plaintiff sets forth no facts whatsoever to support a claim that Centre County maintained policies or customs of deliberate indifference to constitutional rights or maintained policies or customs of inadequate or improper

investigation of citizen complaints. In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Hellmann v. Kercher, 2008 U.S. Dist. LEXIS 54882, 4 (W.D. Pa. 2008). Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests,'" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964, (2007) (citing Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Hellmann, 2008 U.S. Dist. LEXIS at 4-5. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts which, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief." Iqbal, __ U.S. at *29, citing Fed. R. Civ. P. 8(a). In regard to these two claims, Scott has merely made a blanket assertion of relief without alleging any facts in support. As a result, we will dismiss the claims that Centre County

12

maintained policies or customs of deliberate indifference to constitutional rights or maintained policies or customs of inadequate or improper investigation of citizen complaints.

The only paragraphs in plaintiff's complaint that allege facts to support a claim against Centre County are paragraphs 42-44:

> 42. Subsequently, Defendant Marshall was removed from his position as Assistant District Attorney for making inappropriate sexual advances toward women reporting sex crimes to his office.
>
> 43. Upon information and belief, Defendant Marshall was motivated to pursue the unfounded charges against Plaintiff in order to curry favor with Defendant Minder.
>
> 44. Upon information and belief, the District Attorney's Office had knowledge of Defendant Marshall's proclivities prior to the unlawful arrest and prosecution of Plaintiff Austin Scott.

These paragraphs contain the entirety of plaintiff's allegations of a failure to train or supervise claim against Centre County.

"The United States Supreme Court has recognized that municipal liability may be premised on a municipality's failure to train its employees if the municipality had a policy or custom of failing to train its employees and that the failure to train constitutes "deliberate indifference." Schuenemann v. United States 2006 U.S. App. LEXIS 4350 (unpublished) (quoting City of Canton v. Harris, 489 U.S. 378, 388-389, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989) ("Only where a municipality's failure to train its employee in a relevant respect evidences a

'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983."). "The identified training deficiency must be "closely related" to the ultimate injury, i.e., the plaintiff "must prove that the deficiency in training actually caused the deliberate indifference of municipal officers." Id.

Although plaintiff has alleged that Centre County's failure to train or supervise Marshall led to Marshall's acting in inappropriate ways toward victims, plaintiff has not alleged that Centre County's failure to train or supervise led Marshall, or other district attorneys, to deprive citizens of their constitutional rights. Marshall may have acted inappropriately, but plaintiff has not alleged that Marshall or other employees acted to deprive citizens of their constitutional rights as a result of a failure to train or supervise by Centre County.

**CONCLUSION:**

Madiera's, Marshall's and Centre County's Motion to Dismiss will each be granted.

s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| AUSTIN T. SCOTT, | : | |
| --- | --- | --- |
| | : | Case No. 4:09-CV-1989 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| MARSHALL, et. al., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

March 3, 2010

**NOW, THEREFORE, IN ACCORDANCE WITH THE ACCOMPANYING MEMORANDUM IT IS HEREBY ORDERED THAT:**

1. Michael Madeira's Motion to Dismiss is GRANTED. (Rec. Doc. No. 15)

2. Lance Marshall's Motion to Dismiss is GRANTED. (Rec. Doc. No. 18)

3. Centre County's Motion to Dismiss is GRANTED. (Rec. Doc. No. 17)

4. The complaint is dismissed as against defendants Madeira, Marshall and Centre County.

                                          s/ James F. McClure, Jr.
                                          JAMES F. McCLURE, JR.
                                          United States District Judge