# APPENDIX 14

Penn State Defendants' Documents in Support of
Motion for Summary Judgment/Statement of Facts

# APPENDIX 14

# Commonwealth of Pennsylvania
## COUNTY OF Centre

**APPLICATION FOR SEARCH WARRANT AND AUTHORIZATION**

COPY

| Docket Number (Issuing Authority): | Police Incident Number: 41-07-3219 | Warrant Control Number: 41-07-3219a |
|---|---|---|

| Christine D. Vile | Penn State University Police | 814-863-1111 | 10/5/07 |
|---|---|---|---|
| AFFIANT NAME | AGENCY | PHONE NUMBER | DATE OF APPLICATION |

**IDENTIFY ITEMS TO BE SEARCHED FOR AND SEIZED** *(Be as specific as possible):*
Towel, light colored comforter, black T-shirt with white logo on front, dark colored jeans, black baseball cap with logo on front, dark colored and white striped polo shirt, condom.

**SPECIFIC DESCRIPTION OF PREMISES AND/OR PERSON TO BE SEARCHED** *(Street and No., Apt. No., Vehicle, Safe Deposit Box, etc.):*
REDACTED and all common areas within apartment REDACTED, a four-occupant residence and brown brick apartment building located in Nittany Apartments housing complex contracted by Penn State Housing to Austin T. Scott, DOB: REDACTED, Gerald A. Cadogan, DOB: REDACTED, Maurice D. Evans, DOB: REDACTED and Tyrell A. Sales, DOB: REDACTED

FILED OF RECORD 2007 DEC PROTHONOTARY CENTRE COUNTY

**NAME OF OWNER, OCCUPANT OR POSSESSOR OF SAID PREMISES TO BE SEARCHED** *(If proper name is unknown, give alias and/or description):*
Penn State University contracted to Austin Scott, Gerald Cadogan, Maurice Evans, and Tyrell Sales.

| VIOLATION OF *(Describe conduct or specify statute):* Title 18 §3121(a)(1) relating to Rape, Title 18 §3124.1 relating to Sexual Assault, Title 18 §3126 relating to Indecent Assault, Title 18 §2701(a) relating to Simple Assault. | DATE(S) OF VIOLATION: 10/5/07 |
|---|---|

☐ Warrant Application Approved by District Attorney – DA File No. _____
*(If DA approval required per Pa.R.Crim.P. 2002A with assigned File No. per Pa.R.Crim.P. 107)*
☐ Additional Pages Attached (Other than Affidavit of Probable Cause)
☒ Probable Cause Affidavit(s) MUST be attached (unless sealed below)  Total number of pages: 3

TOTAL NUMBER OF PAGES IS SUM OF ALL APPLICATION, PROBABLE CAUSE AND CONTINUATION PAGES EVEN IF ANY OF THE PAGES ARE SEALED

The below named Affiant, being duly sworn (or affirmed) before the Issuing Authority according to law, deposes and says that there is probable cause to believe that certain property is evidence of or the fruit of a crime or is contraband or is unlawfully possessed or is otherwise subject to seizure, and is located at the particular premises or in the possession of the particular person as described above.

| [signature] 4144/30829 | Penn State University Police | 4144/30829 |
|---|---|---|
| Signature of Affiant | Agency or Address if private Affiant | Badge Number |

Sworn to and subscribed before me this 5 day of october, 2007. Mag. Dist. No. _____
[signature]    108 S. Allegheny St. Bellefonte, Pa 16823    (SEAL)
Signature of Issuing Authority    Office Address

**SEARCH WARRANT TO LAW ENFORCEMENT OFFICER:**
WHEREAS, facts have been sworn to or affirmed before me by written affidavit(s) attached hereto from which I have found probable cause, I do authorize you to search the premises or person described, and to seize, secure, inventory and make return according to the Pennsylvania Rules of Criminal Procedure.

☒ This Warrant shall be served as soon as practicable and shall be served only between the hours of 6AM to 10PM but in no event later than:*
☐ This Warrant shall be served as soon as practicable and may be served any time during the day or night but in no event later than: **
2:30 P M, o'clock  10/7, 07.

\* The issuing authority should specify a date not later than two (2) days after issuance. Pa.R.Crim.P. 2005(d).
\*\* If the issuing authority finds reasonable cause for issuing a nighttime warrant on the basis of additional reasonable cause set forth in the accompanying affidavit(s) and wishes to issue a nighttime warrant, then this block shall be checked. Pa.R.Crim.P. 2006(g).

Issued under my hand this 5 day of october, 07 at 2:30 P M, o'clock.    PSU000012
[signature]    49    01/01/16    (SEAL)
Signature of Issuing Authority    Mag. Dist. or Judicial Dist. No.    Date Commission Expires:
Title of Issuing Authority: ☐ District Justice  ☒ Common Pleas Judge  ☐ _____

☒ For good cause stated in the affidavits(s) the Search Warrant Affidavit(s) are sealed for _____ days by my certification and signature. (Pa.R.Crim.P. 2011)
[signature]    10/7/07 (Date)    (SEAL)
Signature of Issuing Authority (Judge of the Court of Common Pleas or Appellate Court Justice or Judge)

TO BE COMPLETED BY THE ISSUING AUTHORITY

| Commonwealth of Pennsylvania |  | AFFIDAVIT OF PROBABLE CAUSE COPY |
|---|---|---|
| COUNTY OF Centre | | |
| Docket Number (Issuing Authority): | Police Incident Number: 41-07-3219 | Warrant Control Number: 41-07-3219a |

PROBABLE CAUSE BELIEF IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:

On 10/5/07 at approximately 0416 hours, Officer Matthew Cover responded to the intersection of Shortlidge Road and College Avenue to meet with victim Desiree M. Minder. Minder proceeded to tell Officer Cover that she had been raped by Austin Scott. Minder advised that the assault had taken place at Scott's apartment in his bedroom in Nittany Apartments. According to PSU Housing records, Scott is a resident of REDACTED Nittany Apartments. Gerald Cadogan, Maurice Evans, and Tyrell Sales are also listed as being residents of REDACTED Nittany Apartments. After interviewing the residents, it was determined that Scott and Evans had switched room and that Scott currently resides in apartment REDACTED

While Officer Cover was speaking with Minder, an African American male began walking southbound along Shortlidge Road. Minder immediately said, "Oh my god that is him." Minder identified the male as Austin Scott. The male was an African American male, wearing a dark colored and white striped polo style shirt and jeans. While the male was walking southbound, he glanced at Officer Cover and Minder approximately five times. As the male approached the intersection of Shortlidge Road and College Avenue, he again looked back and then continued walking westbound along College Avenue.

Minder was subsequently transported to the Mount Nittany Medical Center by Officer Cover and Officer Dustin Miller. While at the hospital, Minder provided the following details to SART nurse Janet Catie, while in the presence of Officer Cover.

Minder stated on 10/5/07, she went to the Saloon in downtown State College. Minder reported while at the Saloon, she received a text message from Scott asking her what she was doing. Minder replied to Scott advising him that she was at the Saloon. Minder stated that Scott has been attempting to "hang out" with her for the past few days.

Minder stated shortly after receiving the text message from Scott, he met her at the Saloon. Minder reported that Scott was wearing jeans and a black t-shirt with some type of writing on it. Minder said they were only at the Saloon for a short time and left the Saloon at approximately 0200 hours. Minder advised that they walked directly to Scott's apartment in Nittany Apartments. Surveillance footage was subsequently obtained from the Saloon which shows Scott wearing a black T-shirt with a white logo, a dark colored baseball cap with an unknown logo on the front, and a pair of dark colored jeans.

Minder stated while walking to Scott's apartment, Scott said, why don't you stay at my place tonight. Minder said that she told Scott she did not want to sleep at his place. Minder advised she asked Scott if he wanted to come to her apartment instead, which he said no. Minder added that Scott replied by saying, "Just crash at my place." Minder reported that she agreed to sleep at Scott's apartment but told him, "Ok but nothing is going to happen tonight."

Minder stated upon arriving at Scott's apartment, they went directly to his bedroom. Minder said that they both laid on Scott's bed and talked for approximately 20 minutes. Minder advised when she laid on Scott's bed and when she went to sleep she was wearing her jeans, underwear, and her shirt. Minder added that she was unsure if Scott was wearing any clothing. Minder reported that they were lying on top of the comforter and were not covered up with anything. Minder added that it was a white or cream colored comforter. Minder stated the she fell directly asleep. Minder said that to this point, she and Scott had not kissed or touched in a sexual nature.

Minder stated that she was awoken by Scott being on top of her. Minder said when she was awoken, her jeans had been removed. Minder advised that she responded by saying, "No, Please stop." Minder added that she attempted to move and turned away from Scott with her side facing him. Minder reported Scott punched her in the kidney area causing her to fall onto her back on the bed. Minder stated that she started crying and said, "Stop, you're hurting me." Minder advised that Scott was on top of her the whole time that this had taken place.

Minder stated that she then went along with it because she was afraid that Scott was going to hurt her. Minder said that Scott then began to kiss her neck and mouth. Minder advised that Scott then grabbed her chest and pulled down her top, however, her top was still on. Minder added that Scott then forcefully took her underwear off of her. Minder said that Scott then inserted his fingers into her vagina. Minder advised Scott then inserted his penis into her vagina. Minder added that she was unsure if Scott was wearing a condom.

Minder stated that Scott had placed a towel underneath her at some point. Minder said after the intercourse, Scott removed the towel from beneath her and wiped his genital area off. Minder advised that she is unsure if Scott ejaculated. Minder added that Scott then rolled over and went to sleep.

Minder stated when Scott fell asleep, she attempted to sneak out of his room. Minder said as she was opening the door, Scott's cell phone rang. Minder advised Scott noticed that she was leaving and asked where she was going. Minder added that she told Scott she was going home. Minder reported that she then left Scott's apartment.

Minder stated after leaving the apartment, she called a friend who she subsequently met with on Shortlidge Road. Minder's friend subsequently called the police. Minder reported while waiting for an officer to respond, she received a text message from Scott, using cellular telephone 814-441-6436, saying, "R U OK?" Minder advised that she did not respond to the text. Minder then showed the text message to Officer Cover on her cell phone from Scott. The text read, "R U OK?" from Austin Scott, Sent 10/5/07 at 04:10 A.M.

Minder described Scott's room as having a Muhammad Ali poster on the back of his bedroom door, a jersey with his number hanging above the bed, the white comforter on his bed, a big screen television, and a blinky light on the ceiling.

Based on the information above, the Affiant believes there may be evidence in Scott's room of a sexual assault occuring at that location. The Affiant requests approval for the items listed above to be searched for and seized.

Due to the ongoing nature of the investigation, the Affiant further requests that this search warrant be sealed for a period of 60 days pursuant to PA Rules of Criminal Procedure Section 211(a). Possible witnesses to this incident have yet to be identified and the release of the details of this warrant may harm the ongoing investigation.

Filed on information believed to be true and correct.

I, THE AFFIANT, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

| Affiant Signature | Date | Issuing Authority Signature | Date |
|---|---|---|---|
| [signature] 4144/3082 9 | 10/5/07 | [signature] | 10/5/07 (SEAL) |

Page vi of 2 Pages

PSU000014

AOPC 41O1-10-24-98

# Commonwealth of Pennsylvania
## COUNTY OF Centre

**APPLICATION FOR SEARCH WARRANT AND AUTHORIZATION**

COPY

| Docket Number (Issuing Authority): | Police Incident Number: 41-07-3219 | Warrant Control Number: 41-07-3219a |
|---|---|---|

| AFFIANT NAME | AGENCY | PHONE NUMBER | DATE OF APPLICATION |
|---|---|---|---|
| Christine D. Vile | Penn State University Police | 814-863-1111 | 10/5/07 |

**IDENTIFY ITEMS TO BE SEARCHED FOR AND SEIZED** (Be as specific as possible):
Towel, light colored comforter, black T-shirt with white logo on front, dark colored jeans, black baseball cap with logo on front, dark colored and white striped polo shirt, condom.

**SPECIFIC DESCRIPTION OF PREMISES AND/OR PERSON TO BE SEARCHED** (Street and No., Apt. No., Vehicle, Safe Deposit Box, etc.):
REDACTED Nittany Apartments and all common areas within apartment REDACTED, a four occupant residence and brown brick apartment building located in Nittany Apartments housing complex contracted by Penn State Housing to Austin T. Scott, DOB: REDACTED; Gerald A. Cadogan, DOB REDACTED; Maurice D. Evans, DOB REDACTED and Tyrell A. Sales, DOB: REDACTED.

**NAME OF OWNER, OCCUPANT OR POSSESSOR OF SAID PREMISES TO BE SEARCHED** (If proper name is unknown, give alias and/or description):
Penn State University contracted to Austin Scott, Gerald Cadogan, Maurice Evans, and Tyrell Sales.

| VIOLATION OF (Describe conduct or specify statute): | DATE(S) OF VIOLATION: |
|---|---|
| Title 18 §3121(a)(1) relating to Rape, Title 18 §3124.1 relating to Sexual Assault, Title 18 §3126 relating to Indecent Assault, Title 18 §2701(a) relating to Simple Assault. | 10/5/07 |

☐ *Warrant Application Approved by District Attorney – DA File No. _____*
(if DA approval required per Pa.R.Crim.P. 2002A with assigned File No. per Pa.R.Crim.P. 107)
☐ *Additional Pages Attached (Other than Affidavit of Probable Cause)*
☒ *Probable Cause Affidavit(s) MUST be attached (unless sealed below)* Total number of pages: ___

The below named Affiant, being duly sworn (or affirmed) before the Issuing Authority according to law, deposes and says that there is probable cause to believe that certain property is evidence of or the fruit of a crime or is contraband or is unlawfully possessed or is otherwise subject to seizure, and is located at the particular premises or in the possession of the particular person as described above.

| Signature of Affiant (Vile) 4144/30829 | Penn State University Police | 4144/30829 |
|---|---|---|
| | Agency or Address if private Affiant | Badge Number |

Sworn to and subscribed before me this 5 day of October, 2007. Mag. Dist. No. _____
108 S. Allegheny Street Bellefonte, Pa 16823  (SEAL)
Signature of Issuing Authority        Office Address

**SEARCH WARRANT TO LAW ENFORCEMENT OFFICER:** WHEREAS, facts have been sworn to or affirmed before me by written affidavit(s) attached hereto from which I have found probable cause, I do authorize you to search the premises or person described, and to seize, secure, inventory and make return according to the Pennsylvania Rules of Criminal Procedure.

☒ This Warrant shall be served as soon as practicable and shall be served only between the hours of 6AM to 10PM but in no event later than:*
☐ This Warrant shall be served as soon as practicable and may be served any time during the day or night but in no event later than: **
11:30 A M, o'clock  10/7, 07.

* The issuing authority should specify a date not later than two (2) days after issuance. Pa.R.Crim.P. 2005(d).
** If the issuing authority finds reasonable cause for issuing a nighttime warrant on the basis of additional reasonable cause set forth in the accompanying affidavit(s) and wishes to issue a nighttime warrant, then this block shall be checked. Pa.R.Crim.P. 2006(g).

Issued under my hand this 5 day of October, 07 at 11:30 A M, o'clock.   PSU000138
49        01/01/16        (SEAL)
Signature of Issuing Authority   Mag. Dist. or Judicial Dist. No.   Date Commission Expires:

Title of Issuing Authority: ☐ District Justice ☒ Common Pleas Judge ☐ _____

☒ For good cause stated in the affidavits(s) the Search Warrant Affidavit(s) are sealed for 60 days by my certification and signature. (Pa.R.Crim.P. 2011)

10/5/07 (Date) (SEAL)
Signature of Issuing Authority (Judge of the Court of Common Pleas or Appellate Court Justice or Judge)

| Commonwealth of Pennsylvania |  | AFFIDAVIT OF PROBABLE CAUSE |
|---|---|---|
| COUNTY OF Centre | | COPY |
| Docket Number (Issuing Authority): | Police Incident Number: 41-07-3219 | Warrant Control Number: 41-07-3219a |

PROBABLE CAUSE BELIEF IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:

On 10/5/07 at approximately 0416 hours, Officer Matthew Cover responded to the intersection of Shortlidge Road and College Avenue to meet with victim Desiree M. Minder. Minder proceeded to tell Officer Cover that she had been raped by Austin Scott. Minder advised that the assault had taken place at Scott's apartment in his bedroom in Nittany Apartments. According to PSU Housing records, Scott is a resident of REDACTED Nittany Apartments. Gerald Cadogan, Maurice Evans, and Tyrell Sales are also listed as being residents of apartment REDACTED Nittany.

While Officer Cover was speaking with Minder, an African American male began walking southbound along Shortlidge Road. Minder immediately said, "Oh my god that is him." Minder identified the male as Austin Scott. The male was an African American male, wearing a dark colored and white striped polo style shirt and jeans. While the male was walking southbound, he glanced at Officer Cover and Minder approximately five times. As the male approached the intersection of Shortlidge Road and College Avenue, he again looked back and then continued walking westbound along College Avenue.

Minder was subsequently transported to the Mount Nittany Medical Center by Officer Cover and Officer Dustin Miller. While at the hospital, Minder provided the following details to SART nurse Janet Catie, while in the presence of Officer Cover.

Minder stated on 10/5/07, she went to the Saloon in downtown State College. Minder reported while at the Saloon, she received a text message from Scott asking her what she was doing. Minder replied to Scott advising him that she was at the Saloon. Minder stated that Scott has been attempting to "hang out" with her for the past few days.

Minder stated shortly after receiving the text message from Scott, he met her at the Saloon. Minder reported that Scott was wearing jeans and a black t-shirt with some type of writing on it. Minder said they were only at the Saloon for a short time and left the Saloon at approximately 0200 hours. Minder advised that they walked directly to Scott's apartment in Nittany Apartments. Surveillance footage was subsequently obtained from the Saloon which shows Scott wearing a black T-shirt with a white logo, a dark colored baseball cap with an unknown logo on the front, and a pair of dark colored jeans.

Minder stated while walking to Scott's apartment, Scott said, why don't you stay at my place tonight. Minder said that she told Scott she did not want to sleep at his place. Minder advised she asked Scott if he wanted to come to her apartment instead, which he said no. Minder added that Scott replied by saying, "Just crash at my place." Minder reported that she agreed to sleep at Scott's apartment but told him, "Ok but nothing is going to happen tonight."

Minder stated upon arriving at Scott's apartment, they went directly to his bedroom. Minder said that they both laid on Scott's bed and talked for approximately 20 minutes. Minder advised when she laid on Scott's bed and when she went to sleep she was wearing her jeans, underwear, and her shirt. Minder added that she was unsure if Scott was wearing any clothing. Minder reported that they were lying on top of the comforter and were not covered up with anything. Minder added that it was a white or cream colored comforter. Minder stated the she fell directly asleep. Minder said that to this point, she and Scott had not kissed or touched in a sexual nature.

PSU000139

AOPC 410B-10-24-98

Minder stated that she was awoken by Scott being on top of her. Minder said when she was awoken, her jeans had been removed. Minder advised that she responded by saying, "No, Please stop." Minder added that she attempted to move and turned away from Scott with her side facing him. Minder reported that Scott punched her in the kidney area causing her to fall onto her back on the bed. Minder stated that she started crying and said, "Stop, you're hurting me." Minder advised that Scott was on top of her the whole time that this had taken place.

Minder stated that she then went along with it because she was afraid that Scott was going to hurt her. Minder said that Scott then began to kiss her neck and mouth. Minder advised that Scott then grabbed her chest and pulled down her top, however, her top was still on. Minder added that Scott then forcefully took her underwear off of her. Minder said that Scott then inserted his fingers into her vagina. Minder advised Scott then inserted his penis into her vagina. Minder added that she was unsure if Scott was wearing a condom.

Minder stated that Scott had placed a towel underneath her at some point. Minder said after the intercourse, Scott removed the towel from beneath her and wiped his genital area off. Minder advised that she is unsure if Scott ejaculated. Minder added that Scott then rolled over and went to sleep.

Minder stated when Scott fell asleep, she attempted to sneak out of his room. Minder said as she was opening the door, Scott's cell phone rang. Minder advised Scott noticed that she was leaving and asked where she was going. Minder added that she told Scott she was going home. Minder reported that she then left Scott's apartment.

Minder stated after leaving the apartment, she called a friend who she subsequently met with on Shortlidge Road. Minder's friend subsequently called the police. Minder reported while waiting for an officer to respond, she received a text message from Scott, using cellular telephone 814-441-6436, saying, "R U OK?." Minder advised that she did not respond to the text. Minder then showed the text message to Officer Cover on her cell phone from Scott. The text read, "R U OK?" from Austin Scott, Sent 10/5/07 at 04:10 A.M.

Minder described Scott's room as having a Muhammad Ali poster on the back of his bedroom door, a jersey with his number hanging above the bed, the white comforter on his bed, a big screen television, and a blinky light on the ceiling.

Based on the information above, the Affiant believes there may be evidence in Scott's room of a sexual assault occuring at that location. The Affiant requests approval for the items listed above to be searched for and seized.

Due to the ongoing nature of the investigation, the Affiant further requests that this search warrant be sealed for a period of 60 days pursuant to PA Rules of Criminal Procedure Section 211(a). Possible witnesses to this incident have yet to be identified and the release of the details of this warrant may harm the ongoing investigation.

Filed on information believed to be true and correct.

| I, THE AFFIANT, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF. | |
|---|---|
| _Affiant Signature_    Date: 10/5/07 | _Issuing Authority Signature_    Date: 10/5/07    (SEAL) |

Page vi of 2 Pages

PSU000140

AOPC 410B-10-24-98