# APPENDIX 27

Penn State Defendants' Documents in Support of
Motion for Summary Judgment/Statement of Facts

APPENDIX 27

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUSTIN SCOTT, Plaintiff | : | NO. 4:09-CV-1989 |
| | : | Judge James McClure |
| VS. | : | |
| | : | Complaint filed: 10/13/09 |
| LANCE MARSHALL, MICHAEL MADIERA, OFFICER MATTHEW COVER, OFFICER RYAN RODGERS OFFICER DUSTIN MILLER, DETECTIVE STEPHANIE L. BROOKS DETECTIVE CHRISTINE D. VILE, ASSISTANT CHIEF THOMAS SOWERBY, CHIEF STEPHEN SHELOW, JOHN/JANE DOES 1-X, DESIREE MINDER, CENTRE COUNTY and THE PENNSYLVANIA STATE UNIVERSITY, Defendants | : | |

| | |
|---|---|
| DEPOSITION OF: | AUSTIN SCOTT |
| TAKEN BY: | DEFENDANT PENNSYLVANIA STATE UNIVERSITY |
| BEFORE: | MAUREEN L. PRITCHARD NOTARY PUBLIC |
| DATE: | DECEMBER 21, 2010, 9:36 A.M. |
| PLACE: | McQUAIDE, BLASKO LAW FIRM 901 UNIVERSITY DRIVE STATE COLLEGE, PA 16801 |

COPY

APPEARANCES:

THE KAROLY LAW FIRM, LLC
BY: BENJAMIN N. LICHTMAN, ESQUIRE
1555 N. 18th Street
Allentown, PA 18104

FOR - PLAINTIFF

JOHNSON, DUFFIE, STEWART & WEIDNER, P.C.
BY: JOHN R. NINOSKY, ESQUIRE
301 Market Street
P.O. Box 109
Lemoyne, PA 17043-0109

FOR - DEFENDANT
MINDER

McQUAIDE, BLASKO LAW FIRM
BY: JAMES HORNE, ESQUIRE
901 University Drive
State College, PA 16801

FOR - DEFENDANT
THE PENNSYLVANIA STATE UNIVERSITY

ALSO PRESENT:

STEVE GRANOFF
TOM SOWERBY

INDEX

| BY DEFENDANT | EXAMINATION |
| --- | --- |
| AUSTIN SCOTT | |
| By Mr. Horne | 4, 175 |
| By Mr. Ninosky | 128, 180 |
| By Mr. Lichtman | 181, -- |

EXHIBITS

| PSU EXHIBITS | PRODUCED |
| --- | --- |
| No. 31 - Body Map Documentation | 138 |

STIPULATION

It is hereby stipulated by and between counsel for the respective parties that reading, signing, sealing, certification, and filing are waived; and that all objections except as to the form of the question be reserved until the time of trial.

AUSTIN SCOTT, called as a witness, being sworn/affirmed, testified as follows:

EXAMINATION

BY MR. HORNE:

Q Would you state your full name, please?

A Austin Timothy Scott.

Q How old are you, Mr. Scott?

A Twenty-five.

Q What's your date of birth?

A 3/13/85, 1985.

Q Mr. Scott, do you agree that you had sexual intercourse with Desiree Minder in the early morning hours of October 5, 2007?

A Yes.

Q When did you personally meet up with her

that morning?

A I don't recall the exact day, but I know it was after midnight. I don't know the time, but I know it was after midnight.

Q At any time after you met up with Desiree after midnight on the morning of October 5 and the time that you had sexual intercourse with her, did she tell you that she wanted to have sex with you?

A No.

Q At any time before October 5, 2007, had Desiree Minder ever told you that she wanted to have sex with you?

A No.

Q Had you ever had sexual relations with Desiree Minder before October 5, 2007?

A No.

Q That includes oral sex. Had you ever had oral sex with her?

A No.

Q Had you ever kissed her?

A No.

Q Had you ever been alone with Desiree Minder before you and she were at your apartment on the early morning hours of October 5, 2007?

A We had been in the room with other

people. We had been together as a group alone.

Q So you had been with her prior to October 5, 2007, but always in the presence of others?

A Yeah. We had went to lunch.

Q How long was it after you and Desiree arrived back at your apartment that you had sexual intercourse with her?

A Probably around an hour and a half, an hour.

Q

REDACTED

A

Q

A

Q

REDACTED

A

Q

A

REDACTED

Q

A

A Yes.

Q Any other occasions before October 5, 2007, when you had any interaction with Mr. Rodgers?

A Before, no.

Q Mr. Sowerby is here today. Do you recall meeting Mr. Sowerby on October 5, 2007?

A Yes.

Q Had you had any interactions with Mr. Sowerby before October 5, 2007?

A Not that I can recall. Possibly.

Q When you say possibly, why do you say that?

A Because I do remember explaining my reason for being there to someone, but I do not remember -- I can't put a face with it. But I do remember -- it might have only been Mr. Rodgers, actually.

Q Other than the possibility that Mr. Sowerby may or may not have been there in that incident with Mr. Rodgers during your freshman year, before October 5, 2007, had you had any other dealings with Mr. Sowerby?

A Not that I can remember.

Q We'll come back in greater detail to

October 5, 2007, but to your recollection, how were you treated by Mr. Sowerby on October 5, 2007, when you had any interaction with him?

A I don't remember.

Q You don't remember?

A I just said I didn't remember if it was him or Mr. Rodgers.

Q No. Forget that one. Let's go to October 5, 2007, the day that Desiree accused you or raised the issue of whether you may have assaulted her.

You had some interactions with Mr. Sowerby that day, correct?

A Yes.

Q How were you treated by Mr. Sowerby during your interactions with him on October 5, 2007?

A I was treated like -- I was treated fine, I guess.

Q Steve Shelow; do you know Mr. Shelow?

A I'm sorry, can you go back? What do you mean by the question, how was I treated?

Q What I meant, Mr. Sowerby on October 5, 2007, was he rude to you, did he bully you, did he treat you disrespectfully?

A No.
Q Anything like that?
A No.
Q Steve Shelow; do you know Mr. Shelow?
A The name doesn't -- like I said before, I'm a little bit better with faces. Steve Shelow?
Q Shelow.
A That does sound familiar, yeah. Shilow I think is how I pronounce it, Shilow.
Q Where do you currently live, Mr. Scott?
A I am currently residing -- I don't really have a place that I stay at very long. I'm usually working -- at this current moment, I'm usually working on the road in West Virginia. When I'm back in Allentown I stay at John Jaindl's or my aunt's or my uncle's in Scranton, Pennsylvania.
Q Let's go back. You graduated from Parkland High School in 2003; is that correct?
A Uh-huh.
MR. NINOSKY: Say yes, please.
A Yes.
BY MR. HORNE:
Q Did you receive a degree from Penn State?
A Yes.
Q When did you get your degree from Penn

State?

A Spring 2008.

Q What was your major?

A Recreation parks and tourism management.

Q Do you have any formal education beyond the degree you received from Penn State in 2008?

A No.

Q Have you taken any other college level classes since you graduated from Penn State in 2008?

A No.

Q What's your mother's name?

A JoAnn.

Q Is your father living?

A My biological father, no.

Q Do you have a stepfather?

A Yes.

Q What's your stepfather's name?

A Donnahue.

Q Does your mother work outside the home?

A Yes.

Q Where does she work?

A I don't know.

Q How about your stepfather?

A I believe he works for New York Power

how you've been feeling since you left Penn State?

A Just words. You said have I communicated. Just words. Nothing -- no text.

Q By the way, when you were arrested, were you ever actually committed to jail, say, overnight, held for any period of time until bail could be posted? Anything like that?

A No.

Q Were arrangements made in advance for you to turn yourself in and go through the process, the booking and arrest process?

A Yes.

Q And then you were immediately released?

A Yes.

Q Have you incurred any medical expenses for treatment related to anything you believe is related to what you claim my client did since back in 2008? You said you didn't have health insurance. Have you incurred any other medical expenses for medical treatment, counseling, anything like that?

MR. LICHTMAN: Object to the form, but you can answer.

A I had -- actually broke my toe. Actually, I broke my toe. I wore a boot a couple

COUNTY OF CLINTON :

: SS

COMMONWEALTH OF PENNSYLVANIA :

I, Maureen L. Pritchard, Notary Public, authorized to administer oaths within and for the Commonwealth of Pennsylvania and take depositions in the trial of causes, do hereby certify that the foregoing is the testimony of AUSTIN SCOTT.

I further certify that before the taking of said deposition, the witness was duly sworn; that the questions and answers were taken down stenographically by the said MAUREEN L. PRITCHARD, Notary Public, approved and agreed to, and afterwards reduced to typewriting under the direction of the said Reporter.

I further certify that the proceedings and evidence are contained fully and accurately in the notes taken by me on the within deposition, and that this copy is a correct transcript of the same.

In testimony whereof, I have hereunto subscribed my hand this 5th day of January, 2011.

NOTARIAL SEAL
Maureen L. Pritchard, Notary Public
Lock Haven City, Clinton County, PA
My commission expires September 19, 2012

Maureen L. Pritchard
Notary Public

My Commission expires
September 19, 2012